## James J. White & Company, Plaintiff in Error, v. Bertha N. de Tarnowsky, Defendant in Error.

## Gen. No. 22,444.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon.. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment of *nil capiat* here. Opinion filed December 18, 1916. Rehearing denied December 29, 1916.

## Statement of the Case.

Action by James J. White & Company, a corporation, plaintiff, against Bertha N. de Tarnowsky, defendant, on a contract. To review a judgment against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the defendant for an amount less than deemed adequate by the plaintiff, the latter prosecutes a writ of error.

On May 31, 1913, defendant made a written proposal to plaintiff to have it insert in a volume of its encyclopedia "a full page half tone portrait to accompany the biography of William Penn Nixon," etc.  There are some indorsements on the back and made a part of the contract, among which was: "Will decide soon and send photo desired."  While plaintiff thereafter acknowledged to defendant the receipt of her order, the acceptance was not in the terms of the order, but varied from it in a material particular.  On July 2, 1913, defendant canceled the order by mail.  The acceptance ignored the condition that defendant reserved the right to send a photo from which the half tone should be made, and put forth a new condition, viz., that the contract price should be payable "on submission of proof."  This new condition interpolated by plaintiff was never accepted by defendant.

ALDEN, LATHAM & YOUNG, for plaintiff in error; CHARLES MARTIN, of counsel.

HELMER, MOULTON, WHITMAN & WHITMAN, for defendant in error; CHARLES R. HOLTON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 385*—*when evidence does not show acceptance of offer.*  In an action on an alleged contract whereby the defendant was to pay the plaintiff for the insertion of a portrait of the defendant's father in a book published by the plaintiff, evidence *held* to show that the defendant's offer had not been accepted in terms by the plaintiff and that no contract came into existence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. CONTRACTS, § 44*—*what essential to make a contract where acceptance varies from offer.* To make a contract a proposition must be unconditionally accepted, and interpolation in the acceptance of any new condition or any departure from the exact terms of the proposition constitutes a new offer, and before the parties are bound such new offer must be unconditionally accepted by the party making the original proposition.